IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RICARDO HILL**                                                                                    **PLAINTIFF**

**v.**                                                                           **Case No. 3:21-cv-438-KHJ-BWR**

**FREELON RESTAURANT BAR &**                                                   **DEFENDANTS**
**GRILL, INC. et al.**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff Ricardo Hill's (Plaintiff) Motion [50] for Contempt. Defendant Freelon Restaurant Bar & Grill, Inc. (Defendant) filed a Response [52]. The undersigned recommends denying Plaintiff's Motion [50].

On January 30, 2023, this Court held a settlement conference in this case. January 30, 2023 Minute Entry. The parties reached a settlement during the conference, and the Court subsequently entered an Order [49] of Dismissal. *Id.* In this Order [49], "[t]he Court specifically retain[ed] jurisdiction to enforce the settlement agreement." Plaintiff now asserts, and Defendant admits, that Defendant "failed to pay the agreed upon amount on or before August 1, 2023 in accordance with the terms of the Confidential Settlement Agreement." Pl.'s Mot. [50] at 2; Def.'s Resp. [52] at 4. Due to Defendant's failure to comply with the parties' settlement agreement, Plaintiff requests that the Court find Defendant in civil contempt. Pl.'s Mot. [50]. Neither Plaintiff nor Defendant cites a single case in their briefing. Neither party identifies the relevant legal standards nor any controlling precedent. *Id.*; Def.'s Resp. [52].

"A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence: 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000) (quoting *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992)).

Key to Plaintiff's Motion [50] is whether the Court's Order [49] of Dismissal constitutes a consent decree. If it does, then the settlement agreement is enforceable through the Court's contempt powers. *Davis v. City of Jackson Fire Dep't*, 399 F. Supp. 2d 753, 755-56 (S.D. Miss. 2005) (citing *United States v. Miami*, 664 F.2d 435, 439-40 (5th Cir. 1981) (Rubin, J., concurring in the Per Curiam)) ("[A] consent decree, unlike a settlement agreement, is a judgment that can be enforced through contempt proceedings."); *see also S.E.C. v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993); *Olivia Y. ex rel. Johnson v. Barbour*, No. 3:04-cv-251-TSL-FKB, 2011 WL 13353278, at *2 & n.1 (S.D. Miss. May 17, 2011). If it does not, then the settlement is a private contract between the parties that is not enforceable through the Court's contempt powers. *See AMX, Int'l, Inc.*, 7 F.3d at 75; *Barbour*, 2011 WL 13353278, at *2 & n.1.

In *Davis v. City of Jackson Fire Dep't*, this Court analyzed a similar order of dismissal to the Court's Order [49] here and concluded that it did "not rise to the level of a consent decree." 399 F. Supp. 2d at 755-56. The *Davis* dismissal order stated:

> All parties having agreed to and announced to the Court a settlement of this case, and the Court being desirous that this matter be finally closed on its docket,

> IT IS ORDERED that this case is hereby dismissed with prejudice to all parties. If any party fails to consummate this settlement within twenty (20) days, any aggrieved party may reopen the case for enforcement of the settlement within ten (10) days, and if successful, all additional attorneys' fees and costs from this date shall be awarded such aggrieved party or parties against the party failing to consummate the agreement.
>
> IT IS FURTHER ORDERED that an Agreed Order of Dismissal executed by the parties be provided to the Court no later than April 29, 2005.

*Id.* at 754. The court reasoned that the order was not a consent decree because it did not incorporate the terms of the settlement and because the court was never informed of the terms of the settlement. *Id.* at 756. Although the court did retain jurisdiction to enforce the settlement, "the district court's enforcement jurisdiction alone is not enough to establish a judicial 'imprimatur' on the settlement contract." *Id.* (quoting *Christina A. ex rel. Jennifer A. v. Bloomberg*, 315 F.3d 990, 994 (8th Cir. 2003)).

The undersigned recommends finding that the Court's Order [49] of Dismissal here is not a consent decree and denying Plaintiff's Motion [50]. *Id.* Like the *Davis* dismissal order, the Order [49] here only retains jurisdiction to enforce the parties' settlement and does not reference the terms of the settlement. *Id. Davis* counsels that the Order [49] here is not a consent decree. Since the Court's Order [49] of Dismissal is not a consent decree, the settlement agreement between Plaintiff and Defendant is not enforceable through the Court's contempt powers. *Id.* Given this and the inadequate briefing, the undersigned recommends denying Plaintiff's Motion [50].

## NOTICE OF RIGHT TO APPEAL/OBJECT

In accordance with Local Uniform Civil Rule 72(a)(3) and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation,

3

may serve and file written objections to the proposed findings and recommendations. The District Judge at that time may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this Report and Recommendation within fourteen days after being served with a copy shall bar that party, except under grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. §636(b)(1). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections.

**SIGNED,** this the 2nd day of July 2024.

*s/* *Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE