UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RICARDO HILL                                                                                      PLAINTIFF

V.                                             CIVIL ACTION NO. 3:21-CV-438-KHJ-BWR

ANTONIO LEON TERRY, et al.                                                           DEFENDANTS

ORDER

Before the Court is the [56] Report and Recommendation ("Report") of United States Magistrate Judge Bradley W. Rath. The Report recommends denying Plaintiff Ricardo Hill's [50] Motion for Contempt. [56] at 1, 3. The Report notified the parties that failure to file written objections within 14 days would bar further appeal in accordance with 28 U.S.C. § 636. *Id.* at 3–4. No party filed an objection.

When no party objects to a magistrate judge's report, the Court may apply the clearly erroneous, abuse-of-discretion, and contrary-to-law standard of review. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). Although the Court is "not require[d] . . . to review an issue de novo when no objections are filed," the law "does not preclude further review by the district judge[] sua sponte . . . under a de novo [standard] or any other standard." *Scott v. Banks*, No. 2:18-CV-156, 2021 WL 4498637, at *1 (S.D. Miss. Sept. 30, 2021) (emphasis removed) (quoting *Thomas v. Arn*, 474 U.S. 140, 154 (1985)). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court adopts the Report insofar as it recommends denying Hill's Motion for Contempt. The Court otherwise modifies the Report as follows.

I. Modifications

The Court construes Hill's motion as seeking (1) enforcement of the parties' settlement agreement and (2) a finding that Defendant Freelon Restaurant Bar & Grill, Inc. ("Freelon") is in contempt. The Court grants the former request and denies the latter without prejudice.

A. Enforce Settlement

The Court starts with whether it has subject matter jurisdiction to enforce the parties' settlement agreement. It does.

"A federal court dismissing an action pursuant to Federal Rule of Civil Procedure 41(a)(2) may retain jurisdiction over the enforcement of a settlement agreement relating to that dismissal." *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, 68 F.4th 206, 213 (5th Cir. 2023) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)). "A court may choose to exercise its retained enforcement powers based on its ancillary jurisdiction over the settlement agreement." *Id.* But to do so, "the parties' obligation to comply with the terms of the settlement agreement [must have] been made part of the order of dismissal." *Hosp. House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002) (quotation omitted). A court can "make a settlement agreement part of its dismissal order . . . 'either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.'" *Id.*

2

The Court's [49] Order of Dismissal "specifically retain[ed] jurisdiction to enforce the settlement agreement." This language "is sufficient to provide subject matter jurisdiction to enforce the settlement agreement." *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 975 (5th Cir. 2015) (citation omitted).

Having established jurisdiction, the Court now considers whether enforcement of the parties' settlement agreement is warranted. It is.

"[F]ederal courts possess the inherent power to enforce agreements entered into in settlement of litigation," but "the construction and enforcement of settlement agreements is governed by the principles of state law applicable to contracts generally." *Sundown Energy, L.P. v. Haller*, 773 F.3d 606, 611 (5th Cir. 2014) (quotation omitted). The Court therefore applies Mississippi law, which "favors the settlement of disputes by agreement of the parties and, ordinarily, will enforce the agreement which the parties have made, absent any fraud, mistake, or overreaching." *Hastings v. Guillot*, 825 So. 2d 20, 24 (Miss. 2002) (citation omitted).

There is no sign of fraud, mistake, or overreaching here. The parties do not dispute the existence of an enforceable settlement agreement or its terms. *See* [50]; Def.'s Resp. [52]. And Freelon admits to not complying with the contract. [52] ¶ 20 ("Defendant admits it has failed to pay the agreed upon amount on or before August 1, 2023[,] in accordance with the terms of the Confidential Settlement Agreement."); *id.* ¶ 21 ("Defendant admits it has failed to make its scheduled November 1, 2023[,] payment."). The Court therefore grants Hill's motion to enforce settlement.

3

Accordingly, the Court orders Freelon to make payments consistent with the terms of the parties' settlement agreement. The Court specifically retains jurisdiction to enforce the settlement agreement and payments as they become due.

B. Contempt

The Court denies without prejudice Hill's request for an order of civil contempt, as Hill did not adequately brief the issue. Indeed, Hill did not so much as mention the elements of contempt. *See* [50]. Hill may re-raise the issue should Freelon not follow this Order enforcing settlement.

II. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. Accordingly, the Court:

- ADOPTS IN PART and MODIFIES IN PART the [56] Report and Recommendation;
- GRANTS IN PART and DENIES IN PART Hill's [50] Motion for Contempt; and
- ORDERS Freelon to make payments consistent with the terms of the parties' settlement agreement. For past-due amounts existing as of the entry of this Order, the Court ORDERS Freelon to pay those delinquent amounts in full by August 31, 2024.

SO ORDERED, this 24th day of July, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE